United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUCY RODRIGUEZ, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

INSTAGRAM, LLC,

Defendant.

No. C 12-06482 WHA

**ORDER RE MINIMAL DIVERSITY UNDER CAFA**

In this putative class action, defendant Instagram, LLC's motion to dismiss contends in a footnote that plaintiff has not adequately pled jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d) (Mot. at 15 n.7). As this issue was not adequately addressed in the parties' briefs, both parties were requested to submit supplemental briefs. Having reviewed those submissions, the Court is not satisfied that it has subject-matter jurisdiction.

The party asserting federal subject-matter jurisdiction has the burden of showing the case meets the jurisdictional requirements and therefore belongs in federal court. *Lewis v. Verizon Commun., Inc*., 627 F.3d 395, 399 (9th Cir. 2010). Under CAFA, only minimal diversity is required; that is, at least one member of the plaintiff class and one defendant must be diverse. 28 U.S.C. 1332(d)(2). For purposes of diversity, Instagram is a citizen of both Delaware and California. Therefore, plaintiff must demonstrate that at least one member of the putative class was a citizen of a state other than California or Delaware as of the time of the filing of the complaint. *See* 28 U.S.C. 1332(d)(7); *Johnson v. Advance Am.*, 549 F.3d 932, 936 (4th Cir.

2008). Plaintiff's theory that at least one member of the proposed class, defined as "all residents of the State of California, who created an Instagram account prior to December 18, 2012, and posted at least one picture to Instagram prior to December 18, 2012," meets this requirement is fact-dependent. Plaintiff has not yet met her burden of demonstrating at least minimal diversity under CAFA. Possibly a resident of California could be a member of the proposed class and yet be domiciled in a different state (and thus be a citizen of that different state), but plaintiff has not yet shown this.

Accordingly, plaintiff will have until **JUNE 6, 2013**, to submit actual, admissible proof on this issue. All other issues raised in defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) will be held in abeyance.

Dated: May 16, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE