1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7

8                           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   LUCY RODRIGUEZ, individually and on
     behalf of all others similarly situated,
11                                                        No. C 12-06482 WHA
                    Plaintiff,
12
         v.
13                                                        **ORDER DISMISSING ACTION
     INSTAGRAM, LLC, a Delaware LLC,                      AND DENYING MOTION FOR
14                                                        LEAVE TO FILE SECOND
                    Defendant.                            AMENDED COMPLAINT**
15
     _____/
16

17                                     **INTRODUCTION**

18           Plaintiff, a California resident, filed a complaint and then an amended complaint seeking

19   to represent a consumer class of California plaintiffs, alleging subject-matter jurisdiction under

20   the Class Action Fairness Act.  Defendant moved to dismiss for lack of Article III standing and

21   for failure to state a claim under Rule 12(b)(6).  Prior to ruling on the motion to dismiss, plaintiff

22   was given an opportunity to show facts establishing federal subject-matter jurisdiction under

23   CAFA.  Plaintiff has also filed a motion seeking leave to file a second amended complaint.

24   For the reasons stated below, there is no federal subject-matter jurisdiction, leave to amend is

25   **DENIED**, and the action is **DISMISSED**.

26                                     **STATEMENT**

27           This civil action arises out of an announcement by defendant Instagram, LLC that its

28   terms of use would be modified.  Instagram is a web-based photograph- and video-sharing

**United States District Court**
For the Northern District of California

platform through which users host and share user-generated content. Instagram provides an application for mobile devices that allows users to upload photos, apply digital filters to those photos, and share them with others on Instagram and other social networking websites like Twitter and Facebook. Over 100 million users subscribe to Instagram's service. Individuals who use Instagram must agree to Instagram's terms of use. At issue is Instagram's changed terms of use, announced in December 2012 and made effective as of January 19, 2013.

Instagram modified the terms of use pursuant to the change-of-terms provision in the prior terms of use, which stated (Amd. Compl. Exh. A at 23):

> We reserve the right to alter these Terms of Use at any time. If the alterations constitute a material change to the Terms of Use, we will notify you via internet mail according to the preference expressed on your account. What constitutes a "material change" will be determined at our sole discretion, in good faith and using common sense and reasonable judgment.

The new terms of use included an arbitration agreement, from which plaintiff could and did opt out. The new terms also modified the license Instagram claimed over users' pictures and other user-generated content. The terms stated: "if you do not agree to be bound by all of these Terms of Use, do not access or use the Service" (Amd. Compl. Exh. B at 32). Included in the new terms of use were instructions on deactivating an account, which included a hyperlink and web address to access a deactivation form (*id.* at 33). Unlike the prior terms of use, which contained no choice-of-law provision, the new terms of use included a choice-of-law provision selecting California law (*ibid.*).

A different plaintiff filed the original complaint herein on December 21, 2012, which defendant moved to dismiss. On March 6, 2013, the parties stipulated to file a first amended complaint substituting Lucy Rodriguez as plaintiff. It alleges that "at all times relevant hereto, [p]laintiff maintained an active account with Instagram to which [p]laintiff has uploaded pictures" (Amd. Compl. ¶ 13). Plaintiff did not cancel her Instagram account prior to January 18, 2013, the date the new terms of use became effective. The first amended complaint asserts federal subject-matter jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. 1332(d)(2). The pleading includes claims for breach of contract, violation of Section 17200 of

2

1   the California Business and Professions Code, promissory estoppel, and declaratory and

2   injunctive relief, all based on state law.

3          Defendant filed a second motion to dismiss, contending lack of subject-matter

4   jurisdiction due to absence of injury-in-fact under Article III.  Before the hearing on the

5   motion to dismiss, the Court requested supplemental briefing on whether federal subject-matter

6   jurisdiction was lacking under CAFA.  Plaintiff was also required to submit admissible proof

7   of minimal diversity under CAFA.  In addressing CAFA jurisdiction, plaintiff now moves

8   for leave to file yet another complaint.  The proposed pleading would remove the claim for

9   promissory estoppel and seek relief on behalf of a putative *nationwide* class (as well as a

10  California sub-class) but otherwise would track the operative pleading.  Defendant opposes the

11  amendment.

12         As to the first amended complaint, the operative pleading, this order must decline to

13  exercise jurisdiction based on the "home-state controversy" exception to CAFA.  This order also

14  determines that leave to amend should not be granted since, among other things, the sole purpose

15  of the amendment would be to contrive federal subject-matter jurisdiction.

16                                          **ANALYSIS**

17         In order to establish federal subject-matter jurisdiction under CAFA, a plaintiff must

18  demonstrate (1) that the amount-in-controversy exceeds five million dollars and (2) that the

19  parties are "minimally diverse."  For the latter, Section 1332(d)(2) requires:

20         1.     Any member of a class of plaintiffs is a citizen of a State
                  different from any defendant;
21
22         2.     Any member of a class of plaintiffs is a foreign state or a
                  citizen or subject of a foreign state and any defendant is
23                a citizen of a State; or

24         3.     Any member of a class of plaintiffs is a citizen of a State
                  and any defendant is a foreign state or citizen or subject of
25                a foreign state.

26  The operative pleading asserts a class of California residents.  One question recently raised was

27  whether such a class could satisfy the minimal diversity threshold.  The submission by plaintiff

28  shows such minimal diversity.  The problem is not minimal diversity but the exception for

    home-state controversies, to which this order now turns.

**United States District Court**
For the Northern District of California

1        **1.     THE HOME-STATE CONTROVERSY EXCEPTION.**

2        District courts "shall decline to exercise jurisdiction" under Section 1332(d)(2) where

3    "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the

4    primary defendants, are citizens of the State in which the action was originally filed."  This is

5    known as the home-state controversy exception to CAFA.  The first amended complaint, now the

6    operative complaint, asserts a California class as follows (Amd. Compl. ¶ 30) (emphasis added):

7                All *residents* of the State of California, who created an Instagram
         account prior to December 18, 2012, and posted at least one
8                picture to Instagram prior to December 18, 2012.

9        The home-state controversy exception plainly applies.  Citizenship is determined by state

10   of domicile, not state of residence.  An individual is domiciled "where he or she has established

11   a fixed habitation or abode in a particular place, and [intends] to remain there permanently or

12   indefinitely."  *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (quoting *Owens v. Hunting*,

13   115 F.3d 814, 819 (9th Cir. 1986)).  "Residence is physical, whereas domicile is generally a

14   compound of physical presence plus an intention to make a certain definite place one's

15   permanent abode."  *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957).

16       Once federal jurisdiction has been established under CAFA, "the objecting party bears

17   the burden of proof as to the applicability of any express statutory exception under [Section]

18   1332(d)(4)(A) and (B)."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

19       This order finds that a consumer class defined as California residents is, by and large,

20   a class of California domiciles and that the aberrated case wherein a California resident is

21   domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception.

22   The aberrated case could be, for example, a soldier stationed in California (and thus a resident)

23   but whose domicile is New Mexico.  Yes, there will be some of those but they will be few and

24   far between.  The idea that at least one-third of all California residents claim a domicile

25   elsewhere is fanciful.  This order holds that for a class of consumers residing in California, at

26   least two out of three are also California citizens.

27       Other district courts have held that where plaintiff's own characterizations demonstrate

28   the action's local nature, no further discovery or proof is necessary.  *See, e.g.*, *Elsea v. Jackson*

4

United States District Court

For the Northern District of California

1   *County, Mo.*, No. C 10-0620-ODS, 2010 WL 4386538, at *4 (W.D. Mo. Oct. 28, 2010)

2   (Judge Ortrie Smith); *Joseph v. Unitrin, Inc.*, No. C 08-077-MAC,  2008 WL 3822938,

3   at *6 (E.D. Tex. Aug. 12, 2008) (Judge Marcia Crone); *Dunham v. Coffeyville Res., LLC*,

4   No. C 07-1186-JTM, 2007 WL 3283774, at *3 (D. Kan. Nov. 6, 2007) (Judge Thomas Marten);

5   *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (Judge Denny

6   Chin).  This order holds that the home-state controversy exception applies here; therefore federal

7   subject-matter jurisdiction is absent for the first amended complaint.

8           **2.      THE PROPOSED PUTATIVE NATIONWIDE CLASS.**

9           The proposed second amended complaint would skirt around the home-state controversy

10   exception by alleging a nationwide class (yet still asserting California law claims).  The

11   proposed pleading would assert a class as follows (Dkt. No. 38 at 17):

12           All residents of the *United States*, who created an Instagram
             account prior to December 19, 2012, and posted at least one
13           picture to Instagram prior to December 18, 2012.

14           Whether to allow leave to amend is within the discretion of the district court.  *Zivkovic v.*

15   *S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Under Rule 15, amendments are

16   usually granted generously in order to allow cases to be decided on the merits.  But the

17   amendment in question is not aimed at the merits.  Instead it is aimed at contriving subject-

18   matter jurisdiction where none previously existed.  The contrived character of the amendment

19   seems plain.  It is one thing to apply California law to adjudicate the claims of a California class

20   (this is a normal occurrence) but quite another to apply California law to adjudicate the rights of

21   the residents of the other 49 states.  The undersigned judge has worked through this issue in

22   many previous proposed nationwide class actions.  When the claims are based on *state* law, as

23   here, the law of fifty states is likely to apply (in absence of a choice-of-law provision) and it is

24   unmanageable.  And, a single resident in California with standing to assert California claims is

25   not an adequate representative of residents, say, in Hawaii, who might be better off having their

26   rights adjudicated under their own state law.

27           While the *new* terms of use include a choice-of-law provision selecting California law,

28   the *old* terms of use — the lynchpin of this action — did not.  The putative nationwide class

                                                      5

would therefore likely require a choice-of-law analysis for all 50 states and would further necessitate the application of contract law for all 50 states. "[C]ourts routinely deny class certification because plaintiff's claims would require application of the substantive law of multiple states." *In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 311–12 (S.D.N.Y. 2004) (Judge William Pauley). Indeed, the undersigned judge recently denied class certification for this very reason. *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026, 2013 WL 3187410, at *4 (N.D. Cal. June 21, 2013). As such, it would be futile to allow plaintiff to amend to a putative nationwide class where plaintiff's overreaching will almost certainly be denied at the class certification stage.

Finally, plaintiff's counsel have already had one opportunity to amend. A third try on such a contrived claim fraught with so many Rule 23 problems should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's first amended complaint is **DISMISSED** and plaintiff's motion for leave to file a second amended complaint is **DENIED**. Plaintiff has been given ample opportunity to sufficiently plead. This action is at an end in the district court without prejudice to refile in state court.

**IT IS SO ORDERED.**

Dated: July 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6